IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBIE-JANE HILLEN, #A0233547, | CIV. NO. 12-00222 SOM/KSC |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |
| JEFF LIILII, G. MILLER, | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Barbie-Jane Hillen's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. Hillen is incarcerated at the Women's Community Correctional Center ("WCCC"), but complains of an incident that allegedly occurred at the Oahu Community Correctional Center ("OCCC"). Hillen names OCCC Adult Correctional Officers ("ACO") Jeff Liilii and G. Miller as Defendants in their individual and official capacities. Hillen claims Defendants violated her constitutional rights when they failed to prevent her from tripping when she got out of a prison vehicle in restraints.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for Hillen's failure to state a claim. Hillen is granted leave to amend. Hillen's claims for damages against official capacity Defendants for injunctive relief are DISMISSED with prejudice.

//

//

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court is required to dismiss a prisoner's complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). Leave to amend should be granted if it is possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The court should not, however, advise the litigant how to cure the defects. This

type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## II. **PLAINTIFF'S CLAIMS**

Hillen claims that LiiLii and Miller negligently failed to assist her when she got out of a van in shackles at OCCC while waiting to be taken to court. Hillen tripped on the stairs and was injured. She claims she was embarrassed and is experiencing ongoing pain. *See* Compl., ECF #1 at 5-6. Hillen further claims that "[d]ue to the negligence and unprofessionalism of [Liilii and Miller]" she "was deprived of proper & adequate medical care and treatment." *Id.* at 6. Hillen alleges that Liilii's and Miller's negligent behavior violated the Eighth Amendment.

Hillen attaches an "INMATE INJURY REPORT" that details her injuries and the immediate care she received and includes photographs of her injuries. *Id.* at 9-10.

## III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007)

(citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Defendants in their Official Capacities**

Plaintiff names Liilii and Miller in their individual and official capacities.  In *Will v. Mich. Dept. of State Police*, 491 U.S. 58, (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  491 U.S. at 664-66.  Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  State officers acting in their official capacities receive the same immunity as the government agency that employs them.  *Hafer v. Melo*, 502 U.S. 21 (1991).

Thus, the Eleventh Amendment bars Hillen's claims for damages from Liilii and Miller in their official capacities.  *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992).  Because Liilii and Miller

are immune from suit in their official capacities for damages claims against them, those claims are DISMISSED with prejudice.

**B.   Failure to Protect Plaintiff from Injury**

To prevail on a claim under the Eighth Amendment for a threat to his safety, a prisoner must demonstrate deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Eighth Amendment liability requires "more than ordinary lack of due care. In other words, the inmate must show more than negligence. *Id.* at 835. A "substantial risk of serious harm," requires that the risk be objectively sufficiently serious. *Id.* at 834. In addition, the defendant prison official must have a sufficiently culpable state of mind; that is, he must be deliberately indifferent. *Id.*

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. However, the inmate need not show that the defendant acted or failed to act believing that harm would actually befall the inmate; "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

6

Hillen does not allege facts indicating that Liilii and Miller were deliberately indifferent to her safety. In *LeMaire v. Maass*, a prisoner alleged that forcing prisoners to wear handcuffs and shackles while they showered violated the Eighth Amendment. 12 F.3d 1444, 1457 (9th Cir. 1993). The district court held that "[t]he use of full mechanical restraints on inmates while they shower violates the Eighth Amendment." *Id.* at 1450. The Ninth Circuit reversed and held "that shackling a dangerous inmate in a shower [does not] create[ ] a sufficiently unsafe condition." *Id.* at 1457. "Even if the floors of the shower are slippery and [prisoners] might fall while showering, 'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" *Id.* (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (holding that a § 1983 claim based on "slippery prison floors . . . do[es] not state even an arguable claim for cruel and unusual punishment")).

If shackling a prisoner in the shower, where it is accepted that the floor will be slippery, does not violate the Eighth Amendment, it follows that requiring a prisoner to leave a van in shackles, a daily occurrence during prisoner transports, does not violate the Eighth Amendment. Hillen sets forth no facts explaining how Liilii and Miller acted with deliberate indifference to an excessive risk to her safety. She does not claim they pushed her from behind or knew of and allowed other

7

inmates to do so.  She does not say they pulled her roughly from the van; she says only that they kept her shackled while she got out of the van.  Hillen herself defines their action as negligent and unprofessional, not reckless, wanton, or malicious.  Moreover, the INMATE INJURY REPORT attached to the Complaint shows that Hillen stated immediately after the accident, "I was getting out of the van, I had shackles and cuffs on when I tripped on the last step."  ECF #1 at 9.  Hillen fails to state a claim that Liilii and Miller acted with deliberate indifference to an excessive risk to her safety by shackling her during transport to and from court and failing to prevent her from tripping while getting out of the van.  This claim is DISMISSED.

**C.  Delay of Medical Care**

Hillen further alleges that, after she fell, Liilii and Miller took her to court despite her injuries, where she was held from 9:00 a.m. to 1:00 p.m. before being returned to OCCC. Hillen then waited for transport to WCCC for several more hours. She complains that she was in pain during this time and was laughed at by other prison guards.  Hillen claims that Liilii and Miller therefore deprived her of "proper & adequate medical care and treatment."

As noted above, however, Hillen attached a copy of her INMATE INJURY REPORT to the Complaint.  ECF #1 at 9.  This report shows that Hillen was seen by a nurse at OCCC within five minutes

8

of her accident, photographs were taken of her injuries, and her wounds were cleaned and treated with Bacitracin and bandaged. *Id.* The nurse reported that Hillen was "okay to proceed to court." *Id.*

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable § 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference to a prisoner's medical needs involves two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th

9

Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

Hillen's Complaint shows that Liilii and Miller acted quickly to secure care for her injuries. They are not alleged to be medical personnel themselves, however. They ensured that she was treated and were told that her injuries were stable and that she was cleared for transport to court. Nothing within the Complaint supports a finding that Liilii and Miller acted with deliberate indifference to Hillen's medical needs. Hillen's own pleading calls into question her claim against Liilii and Miller concerning the denial or delay of medical treatment, and this claim is DISMISSED.

**D.   Leave to Amend**

The Complaint is DISMISSED as discussed above. Hillen may file a proposed amended complaint **on or before July 9, 2012.** The proposed amended complaint must (1) cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights, and (2) may not include claims dismissed by the present Order with prejudice.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not

realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**E.   28 U.S.C. § 1915(g)**

If Hillen fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## IV.   CONCLUSION

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Hillen is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by **July 9, 2012.** Failure to timely amend the Complaint and cure its pleading deficiencies will result in AUTOMATIC DISMISSAL of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that she may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 12, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Hillen v. Liilii, et al.*, Civ. No. 12-00222 SOM/KSC; Order Dismissing Complaint; psas\Screening\DMP\2012\Hillen 12-222 som (ftsc neg. lv amd)