IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBIE-JANE HILLEN, #A0233547, ) | CIV. NO. 12-00222 SOM/KSC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST AMENDED |
| ) | COMPLAINT AND ACTION |
| vs. ) | |
| ) | |
| JEFF LIILII, G. MILLER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION**

Before the court is *pro se* Plaintiff Barbie-Jane Hillen's first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. Hillen is now incarcerated at the Women's Community Correctional Center ("WCCC"), but complains of an incident that allegedly occurred when she was being transported from the Oahu Community Correctional Center ("OCCC") to the state court. Hillen claims Defendants OCCC Adult Correctional Officers ("ACOs") Jeff Liilii and G. Miller violated her constitutional rights when they failed to protect her from tripping as she got out of a prison vehicle while in restraints.

The FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for Hillen's failure to state a claim. Because Hillen was given leave to amend her original Complaint and was unable to do so, the present dismissal is without leave to amend.

//

//

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court is required to dismiss a prisoner's complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

   The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).  Leave to amend should be granted if it is possible that the plaintiff can correct the complaint's defects.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The court should not, however, advise the litigant on how to cure the defects.

This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## II. **PLAINTIFF'S CLAIMS**

The FAC alleges three claims for relief, although all relate to Liilii and Miller's alleged deliberate indifference to her safety. Hillen says that, while shackled, she tripped when getting out of a prison van. Hillen complains that LiiLii and Miller negligently failed to help her down the van's stairs. Hillen claims she was embarrassed and is experiencing ongoing pain. *See* FAC, ECF #9 at 5-.7 She alleges that Liilii and Miller made fun of her after she fell, and that their negligence, thoughtlessness, and unprofessional behavior violated the Eighth Amendment. In what appears to be a concession that she was treated for her injuries, Hillen's FAC omits the claim for failure to provide medical treatment that was part of the original pleading. Hillen still complains that she received no "further medical assistance," after her court proceedings had concluded and while she waited to be taken back to WCCC.[1]

---

[1] Hillen attached an "INMATE INJURY REPORT" to her original Complaint that details her injuries and the immediate care she received and includes photographs of her injuries. Compl., ECF #1 at 9-10.

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Damage Claims Against Miller in His Official Capacity**

Plaintiff again names Miller in his individual and official capacities. The court dismissed all damage claims against Liilii and Miller in their official capacities in the Order Dismissing Complaint With Leave Granted to Amend, and those claims remain dismissed. Ord., ECF #8 at 6.

**B.   Eighth Amendment Claims**

To prevail on a claim under the Eighth Amendment for a threat to his or her safety, a prisoner must demonstrate deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Eighth Amendment liability requires "more than ordinary lack of due care. In other words, the inmate must show more than negligence. *Id.* at 835. A "substantial risk of serious harm" requires that the risk be objectively sufficiently serious. *Id.* at 834. In addition,

the defendant prison official must have had sufficiently culpable state of mind; that is, he must have been deliberately indifferent. *Id.*

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. However, the inmate need not show that the defendant acted or failed to act believing that harm would actually befall the inmate; "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

The FAC does not allege facts indicating that Liilii and Miller were deliberately indifferent to Hillen's safety. In *LeMaire v. Maass*, a prisoner alleged that forcing prisoners to wear handcuffs and shackles while they showered violated the Eighth Amendment. 12 F.3d 1444, 1457 (9th Cir. 1993). The district court held that "[t]he use of full mechanical restraints on inmates while they shower violates the Eighth Amendment." *Id.* at 1450. The Ninth Circuit reversed and held "that shackling a dangerous inmate in a shower [does not] create[ ] a sufficiently unsafe condition." *Id.* at 1457. "Even if the floors of the shower are slippery and [prisoners] might fall while showering,

6

'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" *Id.* (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (holding that a § 1983 claim based on "slippery prison floors . . . do[es] not state even an arguable claim for cruel and unusual punishment")).

If shackling a prisoner in the shower, where it is accepted that the floor will be slippery, does not violate the Eighth Amendment, it is hard to say that an Eighth Amendment violations occurs when a prisoner is taken to and from the prison in shackles, including when the prisoner enters and leaves a van or goes up and down other stairs.  Hillen still sets forth no facts explaining how Liilii and Miller acted with deliberate indifference to an excessive risk to her safety.  That is, Hillen does not allege that they knew that allowing her to exit and enter a van in shackles exposed her to a substantial risk of serious injury and that they did so despite this knowledge with deliberate indifference to her safety.

As this court noted when it dismissed the original Complaint, Hillen provided no facts suggesting that Miller and Liilii had pushed her, or had pulled her roughly from the van, or had seen other inmates doing so and failed to intervene.  Hillen simply says that they kept her shackled while she got out of the van and that she tripped and fell.  Hillen characterizes their action as negligent and unprofessional, not reckless, wanton, or

7

malicious. Moreover, in the original Complaint, Hillen attached an INMATE INJURY REPORT that included Hillen's statement, made immediately after the accident, that, "I was getting out of the van, I had shackles and cuffs on when I tripped on the last step." Compl., ECF #1 at 9. Hillen fails to state a claim that Liilii and Miller acted with deliberate indifference to an excessive risk to her safety by shackling her during transport to and from court and failing to prevent her from tripping while she was getting out of the van.

### IV.   28 U.S.C. § 1915(g)

Hillen is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### V.   CONCLUSION

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Because

amendment is futile, this dismissal is with prejudice, and leave to amend is not granted.

(2)  This dismissal may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The court certifies that any appeal of this order would be frivolous and, therefore, not taken in good faith, given Ms. Hillen's failure to state a claim on which relief can be granted and her failure to adequately amend the complaint.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

(4)  The Clerk of Court is DIRECTED to enter judgment and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 16, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Hillen v. Liilii, et al.*, Civ. No. 12-00222 SOM/KSC; Order Dismissing Complaint; psas\Screening\DMP\2012\Hillen 12-222 som (ftsc neg. lv amd)